WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Herb Coleman,                 )    No.  CV 11-2450-PHX-DKD
                              )
          Plaintiff,          )
                              )
v.                           )    **ORDER**
                              )
ConnectionsAZ, Inc., et al.,      )
                              )
          Defendants.        )
_____ )

       Pending before the Court is a Motion to Dismiss filed by Defendants ConnectionsAZ, Inc., Julie Fleck, Pamela St. Pierre, and Phillip Hickmon (collectively "Connections"). Connections alleges that Plaintiff Herb Coleman's action fails to state a claim and is time barred. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  Doc 42.  The Court will grant the Motion to Dismiss in part and deny it in part, and order that Plaintiff file an amended complaint.

<h3 align="center">BACKGROUND</h3>

       Coleman was employed by Connections until his termination on January 7, 2010.  He filed a complaint with the Civil Rights Division of the Arizona Attorney General's Office and the EEOC on November 1, 2010.  He received his "right-to-sue" letter from the Arizona Attorney General on March 3, 2011.  Coleman filed his complaint in the Southern District of Texas on May 31, 2011.  The action was transferred to the District of Arizona on December 8, 2011.

       The Court in the Southern District of Texas summarized Coleman's claims:

1

2

3

4

5

6

7

8

> In connection with his application to proceed in forma pauperis, Plaintiff simultaneously filed two separate complaints, one labeled "EMPLOYMENT DISCRIMINATION COMPLAINT" and one labeled "COMPLAINT FOR MONEY DAMAGES." The former asserts liability based on race, gender, and disability discrimination but bases liability solely on Title VII of the Civil Rights Act of 1964 ("Title VII"). The latter specifically lists seven causes of action: 1) gender discrimination as prohibited by Title VII; 2) racial discrimination as prohibited by Title VII and 42 U.S.C. § 1981 ("Section 1981"); 3) breach of contract and/or promissory estoppel; 4) negligence; 5) intentional infliction of emotional distress; 6) intentional interference with a contractual relationship; and 7) defamation.  In his Complaint for Money Damages, Plaintiff also mentions the Americans with Disabilities Act ("ADA") in the "Statement of Claim" section but does not mention it elsewhere in the complaint or list a separate cause of action based on disability discrimination.

9   Memorandum and Recommendation at pp. 2-3 (footnotes omitted) (Doc 21).

10

**DISCUSSION**

11      In deciding a motion to dismiss, the court must accept as true all the factual

12   allegations in the complaint, drawing all inferences derived from those facts in the light most

13   favorable to the plaintiff.  *Brown v. Crawford County*, 960 F.2d 1002, 1010 (11ᵗʰ Cir. 1992).

14   "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is

15   entitled to offer evidence to support the claims."  *Little v. North Miami*, 805 F.2d 962, 965

16   (11ᵗʰ Cir. 1986) (quotation omitted). However, a plaintiff must supply more than just any

17   conceivable set of facts tending to support a claim, but "enough facts to state a claim to

18   relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct.

19   1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content

20   that allows the court to draw the reasonable inference that the defendant is liable for the

21   misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).

22   Time Limit for Filing Federal Claims

23      Defendants' Motion to Dismiss contends that Coleman's claim is time-barred.  After

24   receiving a right-to-sue letter from the EEOC, Coleman had ninety days to file suit. 42

25   U.S.C. §§ 2000e-5, 12117; *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149, 104

26   S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984).  The Ninth Circuit begins counting the ninety day

27   time limit after the notice has arrived at the claimant's address. *Payan v. Aramark Mgmt.*

28

*Services Ltd. P'ship*, 495 F.3d 1119, 1126 (9th Cir. 2007).  If the claimant fails to file within the ninety day period, the claim is time barred.  *Id.*  Coleman received his right-to-sue letter on March 3, 2010, and he filed his complaint on May 31, 2011.  Defendants, relying on the date the Southern District of Texas approved in forma pauperis ("IFP") status (June 3, 2011), contend that Coleman's claim was filed past the ninety day limit.  This is not correct.  Coleman tendered his IFP application and his Complaint to the Clerk of Court on May 31, 2011.  This is evidenced by the review of the docket conducted by a Magistrate Judge in the Southern District of Texas and memorialized in her written Memorandum and Recommendation filed November 8, 2011 (Doc. 23).  Moreover, the undersigned confirmed with an inquiry to the Clerk of Court for the Southern District of Texas that Plaintiff submitted both his Complaint and IFP application on May 31, 2011.  Therefore, Coleman's federal claims for discrimination are not timed barred.

Time Limit for Filing State Claims

Defendants also maintain that Coleman's state law claims were untimely filed.  They contend that Coleman's claims for breach of employment contract, negligence, intentional infliction of emotional distress, and defamation[1] arose out of his employment relationship with Connections and that these claims are governed by the statute of limitations provided in A.R.S. § 12-541(3), (4) and (5).  According to § 12-541, Coleman had one year from the date of his termination to timely file his claims.  He was terminated on January 7, 2010, and he filed his complaint over a year later on May 31, 2011.  Defendants are correct with respect to any state law claims "[f]or breach of an oral or written employment contract including contract actions based on employee handbooks or policy manuals that do not specify a time period in which to bring an action." A.R.S. § 12-541(3).  These claims are indeed time barred.  However, the claims for intentional infliction of mental distress,

---

[1]Defendants' Motion to Dismiss at p. 5 (which the Court notes does not address Plaintiff's claim for intentional interference with a contractual relationship).

- 3 -

1    negligence, defamation, and interference with contractual relations are not as A.R.S. § 23-

2    1501(3)(b) does not "preclude wrongfully terminated employees from pursuing collateral

3    common law tort claims related to discharge from employment."   *Cronin v. Sheldon*, 195

4    Ariz. 531, 541 (1999).  Coleman's assertion that  the Supreme Court case of *Owens v. Okure*,

5    488 U.S. 235, 109 S.Ct. 573 (1989), provides for a longer limitations period for the state law

6    breach of employment contract/promissory estoppel claims is incorrect.  The one  year

7    Arizona statute of limitations applies to these claims and they must be dismissed.

8    <u>Adequacy of the Pending Complaint</u>

9           Defendants are correct that Plaintiff's Complaint is inadequate with respect to certain

10   of the claims.  For example, Coleman alleges that Connections discriminated against him

11   based on a disability which he defines as a "moderate speech impediment".  However,

12   Coleman does not provide any information regarding the alleged disability, or how

13   Connections discriminated against him based on that disability.  He does not list any

14   violation of the Americans with Disabilities Act so that Connections would be put on notice

15   regarding what aspect of the law Coleman alleges they violated.  Based on the allegations in

16   the Complaint, there would be no way for Connections to defend against a claim for

17   discrimination based on Mr. Coleman's alleged disability.  Coleman has further complicated

18   matters by separating his claims into two documents.  Coleman admits the pleading

19   deficiencies in his Complaint and seeks the opportunity to file an amended complaint.  The

20   Court will grant this request but directs Plaintiff to comply with Federal Rule of Civil

21   Procedure 8, "General Rules of Pleading", taking care to follow Rule 8(a)'s command that a

22   plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled

23   to relief" and "a short and plain statement of the grounds for the court's jurisdiction."

24   Plaintiff should also follow Local Rule 15.1 (available at www.azd.uscourts.gov) which

25   requires that the amended complaint stand on its own and not incorporate by reference any

26   part of the original complaint.

27           Accordingly, IT IS ORDERED:

28                                                    - 4 -

1   Denying Defendants' Motion to Dismiss the federal employment law claims;

2   Granting Defendants' Motion to Dismiss the state law breach of employment

3   contract/promissory estoppel claims; and

4   Denying Defendants' Motion to Dismiss the claims for negligence, intentional

5   infliction of emotional distress, intentional interference with a contractual relationship, and

6   defamation.

7   IT IS FURTHER ORDERED that Plaintiff shall have 21 days from the date of this

8   Order to file an amended complaint in compliance with this Order.  Failure to timely do so

9   may result in the dismissal of this case.

10   IT IS FURTHER ORDERED extending the November 30, 2012 deadline for the

11   completion of discovery and filing of dispositive motions for ninety days until February 28,

12   2013.  The parties shall promptly bring any other case management or discovery issues to

13   the attention of the Court.

14   DATED this 5th day of October, 2012.

15

16

17

18   _____
     David K. Duncan
     United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28                                           - 5 -